UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TAMMATHA M. ROCKEY,

    Plaintiff,

    v.

JOHN M. CARY, et al.,

    Defendants.

Case No. 1:20-cv-900

Dlott, J.
Bowman, M.J.

**MEMORANDUM OPINION AND ORDER**

The above-captioned civil case has been referred to the undersigned magistrate judge for resolution of all pretrial matters except for motions for summary judgment. (Doc. 3). Presently before the undersigned is the motion of Defendants to extend the time for Furniture Finance Connection, LLC, Mattress by Appointment Cincinnati, LLC, and John M. Cary to serve and file a statutory cure offer under Ohio law, and the alternative motion of Plaintiff to strike Defendants' tendered cure offer. (Docs. 17, 21).

**I.    Background**

On November 6, 2020, through counsel, Plaintiff filed a complaint that alleges that she entered into a consumer transaction on or about June 6, 2020 for the purchase of furniture in the amount of $4,693.80 (including tax). (Doc. 1 at ¶¶8-9). She alleges that the transaction violated both the Federal Truth in Lending Act and the Ohio Consumer Sales Practices Act in multiple ways. She alleges that she sought a refund of her purchase price prior to filing suit but that the Defendants denied that request. On its face, the complaint seeks actual and statutory damages, including treble damages, or in the

1

alternative, a judgment of rescission. The complaint also seeks attorney's fees and costs. (*Id.* at 10).

After Defendants Cary and Furniture Finance Connection failed to timely respond to the complaint, Plaintiff filed a stipulation that extended time for those two Defendants to file their answer up to and including December 27, 2020.[1] The two Defendants, along with Defendant Mattress by Appointment, filed a joint answer on December 24, 2020. (Doc. 15). On the same date, Defendants filed a "Notice" of their tendered "Statutory Cure Offer" under Ohio R.C. §1345.092, along with the referenced motion to extend time to file or submit the same cure offer up through December 24, 2020. (Doc. 17). Plaintiff has filed a response in opposition to any extension of time beyond the period provided by statute, and in the alternative, a motion to strike Defendants' tendered cure offer. (Docs. 20, 21). Defendants filed a response in opposition to the motion to strike as well as a reply in support of their original motion to extend time. (Docs. 22, 23). In turn, Plaintiff filed a reply in support of the motion to strike. (Doc. 24).

**II. Analysis**

The current dispute requires this Court to interpret a provision relating to the Ohio Consumer Sales Practices Act ("the Act").[2] In 2012, the Ohio legislature enacted Ohio R.C. § 1345.092, a provision that allows a "supplier" who is sued by a "consumer" under the Act to resolve the dispute through a "cure offer." If the consumer does not accept the cure offer, and later recovers less than the amount contained in that offer, then the

---

[1] The stipulated extension was consistent with a prior stipulation afforded to Defendant Synchrony Bank to answer. Plaintiff acknowledges that, at least initially, Defendant Mattress by Appointment appears not to have been properly served. (Doc. 20 at n.2). However, the three referenced Defendants are all represented by the same defense counsel and filed a joint answer on December 24, 2020.
[2] To be clear, this discussion relates solely to Plaintiff's Ohio Consumer Sales Practices Act. Defendants do not argue that the cure offer pertains to Plaintiff's federal TILA claims.

2

consumer is cut off from recovering treble damages, attorney's fees, or other costs incurred after the date that the cure offer was made under the Act. In other words, the cure provision "is a shield for suppliers/defendants to be used against consumers/plaintiffs" that "functions to penalize a plaintiff who, if the matter proceeds to trial, does not prove damages in excess of a defendant's cure offer." *Lucas v. Telemarketer Calling from (407) 476-5680*, 2014 WL 296645 at *4 (S.D. Ohio Jan. 24, 2014).[3]

The statutory provision is quite detailed, down to the precise wording (in all caps) and method of setting forth the details of the cure offer. At issue here is the provision concerning the timing of service of the cure offer on the plaintiff. There is no interpretive case authority governing this provision, but the plain language of the statute provides for a 30-day period after service of process is complete:

> (A) Not later than thirty days after service of process is completed upon a supplier by a consumer in any action seeking a private remedy pursuant to section 1345.09 of the Revised Code, the supplier may deliver a cure offer to the consumer, or if the consumer is represented by an attorney, to the consumer's attorney. The supplier shall send a cure offer by certified mail, return receipt requested, to the consumer, or if the consumer is represented by an attorney, to the consumer's attorney. The supplier shall file a copy of the cure offer with the court in which the action was commenced.

Ohio R.C. § 1345.092(A). Another provision, § 1345.092(E), states that if the consumer rejects the cure offer "or if no cure offer is made … within the time frame set forth in this section, the consumer may proceed with a civil action….." *Id.*

---

[3] Contrary to Defendants' argument that the remedy offers a potential benefit to Defendants without disadvantaging Plaintiff, in addition to reducing monetary damages, a Cure Offer has the effect of dramatically reducing attorney's fees to no more than $2,500 if Plaintiff later recovers less than the Cure Offer.

3

As Defendants have discovered in this case, thirty days passes quickly. "Given the quickness with which the parties must act under this provision, it is clear that the General Assembly had in mind the purpose of early resolution of claims when possible." *Lucas*, 2014 WL 296645 at *3. Based upon Plaintiff's effective service of the complaint on November 10, 2020, Defendants Cary and Furniture Finance Connection, LLC were required to "deliver" their cure offer to Plaintiff's counsel "by certified mail, return receipt requested," on or before December 10.

Defendants' motion seeks an extension of time "to submit and file a Statutory Cure Offer, up to and including its actual filing date, December 24, 2020." (Doc. 17 at 1). Although it is true that Defendants filed a copy of the cure offer with the Court on December 24 (when they filed their motion to extend time), Defendants did not send the cure offer by certified mail to Plaintiff's counsel until two weeks after that. Plaintiff represents that the certified mail was received on January 8, 2021. The undersigned therefore construes Defendants' motion as seeking a 29-day extension of time to serve Plaintiff with the statutory cure offer by certified mail.

Defendants first argue that the timing for serving a cure offer "is not jurisdictional, and in fact is permissive" based upon the phrasing of the first sentence stating that "[n]ot later than thirty days after service of process is completed… the supplier may deliver a cure offer." (Doc. 17 at 2, citing § 1345.092(A) (emphasis added)). Defendants' suggestion that the use of the word "may" in this context is somehow permissive as to the time limit would require a strained and unnatural reading of the statute that is contrary to basic principles of grammatical construction. The only fair reading of the statute is that

4

a supplier may or may not choose to make a cure offer, but that if the supplier does so, it must be within 30 days after service of process is completed.

Next, Defendants argue that this Court has the power to extend their time to serve the statutory cure offer to excuse the tardy service on Plaintiff under R.C. §1345.092(C), which provides:

> When by rule, notice, or order of court a motion or pleading is required to be filed by any party during the time periods described in divisions (A) and (B) of this section, the court may extend the time period for filing the motion or pleading to allow both parties adequate time to comply with this section.

*Id.*

The undersigned does not agree that § 1345.092(C) allows this Court to extend Defendants' statutory time for serving the cure offer. A plain reading of subsection (C) suggests that this Court may exercise its discretion to extend time only for filing a responsive "pleading," or a motion under Rule 12 that would be filed in lieu of a pleading, in order to allow a supplier to first serve and file a cure offer in lieu of an answer or Rule 12 motion. Given the clear intention to permit suppliers the opportunity to quickly resolve disputes without incurring substantial court costs, this makes sense. Once the supplier files the cure offer, then the consumer has thirty days to respond. Thus, subsection (C) allows the court to place the litigation in a holding pattern, without requiring a supplier to file an answer or related motion until such time as the court can determine whether the cure offer will be accepted. Subsection (C) does not appear to allow this Court to extend the time to serve a "cure offer" because a "cure offer" is not a "motion or pleading." The same meaning is underscored by subsection (E), which states that if no cure offer is made within the first thirty days after service, "the consumer may proceed with a civil action…" Notably, the time expended on the briefing of the instant motions to extend time

5

to serve the cure offer, and to strike the same, runs counter to the Ohio General Assembly's clearly expressed intention that a cure offer be time-limited in order to resolve a case immediately after service.

Even if a reviewing court were to disagree, however, the undersigned would still deny Defendants' motion on the record presented. Defendants argue that Rule 6(b) of the Federal Rules of Civil Procedure "allows for liberal extension of time limits." However, Rule 6(b) arguably has no bearing on this Court's ability to extend statutory deadlines under Ohio law. Moreover, it is not quite as "liberal" as defense counsel suggests. Rather, it requires a specific showing of "good cause," and permits a court to extend time "on motion made after the time has expired [only] if the party failed to act because of excusable neglect." *See* Rule 6(b)(1)(B). Defendants urge this Court to exercise its discretionary authority to nearly double the statutory 30-day deadline, on grounds that the cure offer was only "served a little late, but still before any substantive work had been done on the case." (Doc. 22 at 1-2). Yet Defendants have failed to offer any explanation for their delay that would constitute "good cause," much less excusable neglect. *See generally*, *Tines v. PepsiAmericas, Inc.*, 265 F.R.D. 285 (W.D. Tenn. 2010) (discussing factors required to show excusable neglect under Rule 6(b)).

As a final basis for denying Defendants' motion to extend time to serve the cure offer, Plaintiff argues that the cure offer is moot based upon election of the remedy of rescission under the Act prior to service of the tendered cure offer. The Act allows for treble damages or rescission, and the complaint initially sought both in the alternative. However, the Act "clearly requires" an election prior to trial. *Williams v. Banner Buick, Inc.*, 574 N.E.2d 579, 582, 60 Ohio App.3d 128, 130 (Ohio App., 12th Dist. 1989). On

6

December 28, 2020, Plaintiff filed a Notice of her election of the remedy of rescission in lieu of damages. *See also* Ohio R.C. § 1345.09(B). Defendants' response disputes whether the cure offer is moot, and contends that it may still apply to the remedy of rescission under Ohio law. Having determined that Defendant's motion to extend time to serve the cure offer under Ohio law should be denied on other grounds, the undersigned declines to reach this issue.

As stated, in addition to opposing Defendants' motion to extend time, Plaintiff has filed an alternative motion to strike the Defendant's cure offer. Fed. R. Civ. P. 12(f) allows this Court to strike a "pleading" (or any defense contained therein) that is "redundant, immaterial, impertinent, or scandalous." Neither the cure offer nor the motion to extend time appears to constitute a pleading that is subject to being stricken under the Rule.

### III. Conclusion and Order

For the reasons stated, **IT IS ORDERED THAT** Defendants' motion to extend time (Doc. 17) and Plaintiff's alternative motion to strike (Doc. 21) are **DENIED.**

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge
